

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-5210A
Re: Privilege of County Tax As-
sessor and Collector and City
Manager to examine and use
franchise tax reports under
the stated facts.

In our opinion No. O-5210, addressed to you, we
said in answer to your last question:

"Consequently, we are of the opinion that any
officer, be his selection and authority state-wide
or confined to a district, county, municipality,
or other political or geographical subdivision of
this State may be included within this portion of
Article 7089 (relating to) the examination and use
of franchise tax reports, provided he is charged
with the enforcement of any of the laws of this
State. We employ the word 'may' advisedly in the
preceding sentence because we feel that the mere
fact that one is an officer of this State charged
with the enforcement of its laws does not confer
a carte blanche authority upon him with respect to
the examination of franchise tax reports. Rather,
we feel, his privilege to make such an examination
is limited by the requirement that the purpose of
such examination be reasonably related to the en-
forcement of the statute or statutes within his
charge. A demonstration of such relationship is,
we feel, a necessary prerequisite to an examination
of franchise tax reports by such an official. . .
We shall, of course, be pleased at any time to give
you our opinion as to whether any specific officer,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Sidney Latham, Page 2

or group of officers, is, with respect to any
given law, included within this portion of Arti-
cle 7089."

These remarks were directed to that portion of Article 7089,
V. A. C. S., which forbids examinations, disclosures, or
uses of franchise tax reports except "for information of any
officer of this State charged with the enforcement of its
laws, including the Comptroller of Public Accounts, State
Auditor and the State Tax Commissioners."

In your letter of May 20, 1943, requesting an
elaboration of these remarks, you state:

". . . .

"Specifically, the County Tax Assessor and
Collector of Harris County, Texas, has requested
permission to examine the franchise tax reports
of numerous corporations owning property and
otherwise doing business in Harris County, in
quest of information intended to lead to the
discovery of additional taxable property values
for ad valorem tax purposes that might otherwise
escape assessment in such county.

"The city manager of the city of Longview,
Texas, has requested access to the franchise tax
report of one particular corporation for the pur-
pose of attempting to discover taxable assets of
the corporation in question for the purpose of
assessing same for city taxes. He quotes, in part,
Section 45 of the Charter of the city of Longview,
with reference to the duties of the city manager
as follows:

"'to see that the laws and ordinances are
enforced.'

"In the light of the above facts, and by way
of elaboration upon your prior opinion above re-
ferred to, please advise this Department upon the
following inquiries:

"1.  Is the County Tax Assessor and Col-
lector of Harris County entitled to examine

Honorable Sidney Latham, Page 3

franchise tax reports in this office for
the purpose of discovering taxable values
for ad valorem tax purposes that might
otherwise escape taxation?

"2. In the event your answer to question
number one is in the affirmative, may a
general examination of the reports of all
corporations owning property or otherwise
doing business in Harris County, be per-
mitted?

"3. Is the City Manager of the city of
Longview, Texas, authorized to examine
the franchise tax report of a corporation
for the purpose of discovering taxable
property for city tax purposes?

". . . ."

Under Chapters VII, VIII, IX, X and XI of Title 122
of the Revised Civil Statutes, county tax assessors and col-
lectors are charged with a host of duties and responsibilities
in connection with the discovering and assessing for State ad
valorem taxes of property located within their respective
counties. With respect to such duties and responsibilities
we feel that these officials clearly are "officers of this
State charged with the enforcement of its laws." Since the
purpose of the request of the County Tax Assessor and Collec-
tor of Harris County is pertinent to his duties in connection
with State taxes, we feel that he is privileged to examine
the franchise tax reports of corporations doing business or
owning property within his county. Consequently, the first
two questions stated in your letter are answered in the af-
firmative. This conclusion is in accord with an opinion of
a previous administration of this department, which opinion
was written by Assistant Attorney General Maurice Cheek, dated
December 31, 1931, and addressed to Honorable Moore Lynn.
The fact that the use of such reports for the discovering and
assessing of land for State ad valorem taxes may also result
in such land being discovered and assessed for county, school
or other local taxes in no way alters this conclusion.

Your third question raises a more serious problem.
Cities and towns operating under the general laws are author-
ized to pass such ordinances as may be deemed proper for the
levying, laying, imposing, assessing and collecting of taxes
(Article 1041, R.C.S.), while home rule cities are authorized

Honorable Sidney Latham, Page 4

"to provide" for similar matters (Subdivisions 8 and 9 of Article 1175, R.C.S.). Although in levying such taxes municipal corporations act not by virtue of an inherent power (Coffee v. Castleberry, 258 S. W. 889, 272 S. W. 767), but rather by virtue of an authority delegated to them by the State (Ollivier v. City of Houston, 54 S. W. 940, cert. 93 Tex. 201, 54 S. W. 943), the taxes so levied and collected inure only to the benefit of the city or town involved, and the State has no direct interest therein. Moreover, the municipal officers charged with the levying and collecting of municipal taxes, the assessor and collector (where one exists, see Articles 977 and 1175(1) R.C.S.) and the board of equalization or other comparable body, have no duties in connection with any taxes which benefit the State or which are levied by State law. See Articles 1044-1060 R.C.S. While Articles 7337 and 7343 R.C.S. permit incorporated cities and towns to adopt the procedure established by Chapter X of Title 122 for the collection of delinquent taxes, such cities and towns proceed thereunder by way of adoption only and their proceedings are directed solely at the collection of municipal taxes. Thus the only points of contact between the State and taxes levied by municipalities are that the State delegates the power which makes possible such taxation and that the State permits incorporated cities and towns to adopt and utilize for their own purposes the machinery which the State has established for the collection of delinquent taxes. No municipal taxes are levied by State law; no suits therefor are maintained in the name of the State; no municipal taxes are levied or collected by officers of the State government; and no municipal officials aid in any way in the levying or collecting of State taxes. We feel that these contacts are too slight to enable us to say that the taxing authorities of a municipality are "officers of this State charged with the enforcement of its laws." This conclusion is in accord with an opinion of a previous administration of this department written by Assistant Attorney General Neal Powers, dated June 4, 1932, and addressed to Mrs. Jane Y. McCallum, and is in conflict with a like opinion written by Assistant Attorney General A. R. Stout, dated May 17, 1934, and addressed to Honorable W. W. Heath. The persuasiveness of the discussion accorded this problem in the former opinion is heightened by the fact that neither was this discussion challenged nor was this opinion either cited or overruled in the latter opinion.

Consequently, even if we assume without discussion that Section 45 of the Charter of the City of Longview, quoted above, vests the City Manager with a direct interest in the assessment and collection of the taxes of that City, such assumption would avail him naught since no officer concerned solely with municipal taxes falls within the privileges accorded by Article 7089. Your third question is therefore answered in the negative.

Trusting that the foregoing fully answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 26, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

By R. Dean Moorhead
R. Dean Moorhead
Assistant

RDM:mp


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN